OPINION OF THE COURT
Herbert Shapiro, J.
In this action against the defendant shipping company the *209 plaintiff seeks damages in the amount of $87,999 for the loss of some 1,838 cartons of curlers shipped in a container on the defendant’s vessel from Copenhagen to New York. The plaintiff now moves for summary judgment which the defendant opposes. Defendant cross-moves for summary judgment so as to limit its liability to the sum of $500 in the event it is found liable for the loss.
The plaintiff contends that the defendant’s liability is beyond doubt by reason of the provisions of sections 190 and 191 of title 46 of the United States Code. These provisions of the Carriage of Goods by Sea Act (COGSA) make it clear that the defendant is liable to the plaintiff for the missing shipment irrespective of the exculpatory language contained in the bill of lading. The defendant does not seriously dispute this conclusion.
The principal argument made by defendant in opposition to plaintiff’s motion for summary judgment is that there is insufficient proof of what, if anything, was placed in the container by the plaintiff.
In or about August, 1970 the defendant shipowner had delivered a number of large empty containers to a shipper, A. S. Carmen Curlers of Denmark (Carmen). Carmen, a manufacturer of hair curlers, received the containers and subsequently returned them to the defendant sealed. A bill of lading therefor was issued acknowledging receipt. It is undisputed that the containers were "loaded” by Carmen and the contents thereof were detailed by Carmen without any check by defendant. The shipment was consigned to a broker for delivery to the purchaser of the curlers, the plaintiff, herein. One of the containers was discharged in New York but subsequently disappeared. That disappearance is the basis for this action.
Defendant’s contention that there can be no granting of summary judgment without definitive and direct proof as to the actual packing of the containers is without merit. There is sufficient in the moving papers to demonstrate that there were some curlers packed in the container. The precise amount need not now be proven to entitle plaintiff to a finding by this court that defendant is liable for what was placed in the container, irrespective of amount (see Baby Togs v S. S. American Ming, 1975 AMC 2012, 2018). A determination as to the precise amount of the damages (apart from the defendant’s contention that its liability must be limited to $500, *210 which question will be hereinafter discussed) will await competent proof at a trial.
The defendant’s contention that, in any event, it is entitled to an adjudication that the damages may not exceed $500 is based upon the provisions of subdivision (5) of section 1304 of title 46 of the United States Code. That section provides in pertinent part as follows: "Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading.” Defendant claims that the "package” referred to in the statute was the entire container which disappeared and there having been no declaration of value, it cannot be cast in damages for a sum in excess of $500. The plaintiff contends, however, that the "package” intended is each and every separate carton within the container and that a full recovery for the value of the missing merchandise may be had albeit in excess of $500.
In arguing that the limitation of liability applies, defendant contends, as indicated, that the word "package” referred to in subdivision (5) of section 1304 of title 46 of the United States Code refers to the container in which the individual cartons of curlers were packed. That container was furnished by the defendant, was constructed of aluminum and was 40 feet long, 8 feet high and 8 feet wide.
In support of its contention that the container is a "package,” defendant relies upon several cases decided in the Second Circuit (e.g., Royal Typewriter Co. v M/V Kulmerland, 346 F Supp 1019, affd 483 F2d 645; Rosenbruch v American Export Isbrandtsen Lines, 357 F Supp 982, affd 543 F2d 967, cert den 429 US 939). In these cases the courts appeared to apply what was called the "functional economics” test; a test based upon whether the individual packages packed in the "container” were suitable for overseas shipment absent their placement in the container and whether the use of the "container” was for the benefit of the shipper, the carrier or both.
The plaintiff contends that the cases relied upon by the defendant are factually distinguishable and that, in any event, the "functional economics” test employed has not been fol *211 lowed in other cases in the Second Circuit and has been impliedly rejected by the United States Supreme Court.
A reading of the cases submitted by the parties makes it apparent that there is conflict in the Second Circuit with respect to the tests to be applied in determining whether the container constitutes the "package” under the liability limitation provision of COGSA.
In Leather’s Best v S. S. Mormaclynx (451 F2d 800) and Shinko Boeki Co. v S.S. "Pioneer Moon” (507 F2d 342), the court apparently took the view that a carrier-owned container (as here) could never be considered a "package” within the spirit and the language of the limitation of liability provision (Matsushita Elec. Corp. of Amer. v S. S. Aegis Spirit, 414 F Supp 894, 902).
However, in Rosenbruch v American Export Isbrandtsen Lines (supra), and Royal Typewriter Co. v M/V Kulmerland (supra), the same Second Circuit applied the "functional economics” test albeit with the reservation that the intent of the parties was to control.
In the light of the apparent unsettled state of the law in the Second Circuit, it appears that this court has a degree of freedom with respect to which view to adopt. That being so, it is determined that the view expressed in the opinions of Friendly, J., in the Leather’s Best and Shinko Boeki cases are to be preferred. That view seems more in keeping with what appears to be the purpose sought to be achieved by COGSA and more in keeping with the realities of the situation. As the United States Supreme Court stated in Northeast Mar. Term. Co. v Caputo (432 US 249, 270) — albeit by way of dictum: "the container is a modern substitute for the hold of the vessel.” Such view is an appropriate one and supports the conclusion of this court that the "packages” here were the cartons of curlers loaded into the container and not the container itself. Accordingly, it is determined that the limitation of liability does not apply and summary judgment should be granted to plaintiff with respect to liability with an inquest to be held, as to the amount of damages sustained, without limitation.